UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fingerhut Business Services, Inc.,<br>Plaintiff,<br>v.<br>Wal-Mart.com, Inc.,<br>Defendant. | Civil File No. 01-CV-1261 DSD/SRN<br>**STIPULATION FOR CONFIDENTIALITY AND PROTECTIVE ORDER AND ORDER** |

The parties to the above-captioned action, by and through their undersigned counsel of record, hereby stipulate and agree that certain materials or information sought through discovery intended to be used in the above-captioned lawsuit may contain confidential information. In order to reasonably preserve the confidentiality of such information, pursuant to Fed. R. Civ. P. 26(c), the parties agree and stipulate and the Court hereby orders that:

1. This Stipulation and Order shall govern the production, use and disclosure of information and documents produced, used or disclosed in connection with this action and designated in accordance with this Stipulation and Order.

2. Any party may designate information or documents produced, used or disclosed in connection with this action as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" subject to the protections and requirements of this Stipulation and Order, if so designated in writing to each party, or orally if recorded as part of a deposition or court record, pursuant to the terms of this Stipulation and Order. Only information and documents that a party in good faith believes contain or refer to trade secrets or confidential business or financial information relating to one or more of the parties, may be designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY".

DEC 06 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. In the case of a document, a designation of "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall, subject to paragraph 4 hereof, be accomplished by marking the document with the legend "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY". As to those documents not marked as to confidentiality that are produced for examination for the purpose of allowing opposing counsel to determine which of those documents counsel desires copied, those documents shall be treated as "CONFIDENTIAL" pursuant to this Stipulation and Order, until copies of the documents are requested and supplied, and thereafter only if the copies supplied are marked or designated as provided above.

4. Information conveyed or discussed in testimony at a deposition or a court hearing shall be subject to this Stipulation and Order provided it is designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" orally on the record or in writing either at the time the testimony is given or within 30 days after receipt by the parties of the portion of the transcript of the deposition or court hearing containing the confidential information.

5. Either party may object to the designation by the other party of any material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying the party that designated the material as Confidential in writing and stating the basis for its objection. If the parties are unable to resolve the matter, the party objecting to the designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" shall, within 30 days of receipt of the objection, submit the matter to the Court for resolution. Pending resolution by the Court, all materials designated by a party to be "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be treated as such.

6. Unless otherwise agreed by the parties in writing or directed by court order, "CONFIDENTIAL" documents shall not be disclosed directly or indirectly by the party to whom such material is produced to anyone other than the following persons:

a. The parties to this action;

b. Counsel for the parties to this action and employees and agents of such counsel engaged in the preparation of this action;

c. Current or former officers and employees of the parties to this action involved in providing testimony with regard to this lawsuit or assisting counsel with the lawsuit;

d. Any judicial officer hearing any aspect of this matter, and his or her clerks and court reporters and members of his or her staff as he or she deems appropriate;

e. Any independent, non-party consultants or experts specifically retained to assist counsel for the parties in the preparation of this action;

f. Any person noticed for depositions or designated as trial witnesses to the extent reasonably necessary to testify or prepare to testify; and

g. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

7. In addition to the foregoing requirements, materials designated "CONFIDENTIAL--ATTORNEYS' EYES ONLY" and any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to materials so designated may be disclosed only to outside legal counsel for the parties, the employees or agents of legal counsel who are actually assisting such counsel in preparation of the case, two in-house counsel for each party (whose only title and role with the company is as an attorney and not a business advisor), and any expert witnesses retained in this action. The designation of materials as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be limited to information which the

producing party in good faith believes compromises its most sensitive confidential research, development, financial, trade secret or other commercial information.

8. Whenever any document designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" is filed with the Court, such document shall be filed in a separate, sealed envelope bearing the title of the action, a generic description of the documents contained in the envelope, and a statement in substantially the following form: "Confidential -- Subject to Court Order Prohibiting Public Disclosure".

9. Any person, other than counsel for the parties, their employees, in-house counsel, and a client representative from each of the parties, to whom information described as "CONFIDENTIAL" is to be disclosed pursuant to this Stipulation and Order herein shall be furnished with a copy of this Order and shall agree in writing (in the form attached hereto as Exhibit A) in advance of the disclosure to be bound to the same extent as the signatories hereto. The parties may not disclose Confidential Material to any person who does not agree in writing to the terms of this Order.

10. Within sixty (60) days after the final disposition of this action, including all appeals therefrom, all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY", all copies of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY", and all excerpts therefrom in the possession, custody or control of parties other than the producing party shall be destroyed or returned to counsel for the producing party, and counsel for parties other than the producing party shall destroy or keep under seal all work-product or transcripts embodying documents or information so designated.

11. The confidentiality obligations of this Stipulation and Order shall not prohibit the use by any party or others of any information or documents that are currently in the public domain, that are required to be disclosed by any law, regulation, order or rule of any governmental authority or as necessary for the normal day-to-day operation of the businesses of the parties, provided, however, that the party making such disclosure shall give prompt advance notice of any such disclosure in writing to each of the parties to afford a party the opportunity to seek legal protection from the disclosure of such information or documents. If no action is taken to seek legal protection from the disclosure of information or documents by the party seeking to designate such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" within 15 days after receiving such notice, the information or documents at issue shall not be considered "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY".

12. Nothing in this Order shall prevent any of the parties from using any "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information described in connection with any trial, hearing or other proceeding in this action or prevent any party from seeking further protection with respect to use of such information or discovery materials in connection with such trial, hearing or other proceeding in this action.

13. Nothing in this Order shall prevent any party from seeking modification of this Order or objecting to discovery which it believes to be otherwise improper.

14. The inadvertent production of documents or things privileged from discovery shall not constitute a waiver of any privilege and all copies of privileged documents or things inadvertently produced shall be returned to the producing party upon written request.

15. This Order shall be binding on all of the parties to this action and their respective officers, employees, agents, trustees, executors and counsel.

16. If, and to the extent the above action proceeds to trial, counsel for the parties shall consult and develop a reasonable means for protecting the confidentiality of documents and information protected hereunder during such trial proceedings.

17. Nothing herein shall impose any restrictions on the use or disclosure by a party or other persons of material lawfully obtained by such party or persons independent of discovery in this action, whether or not such material also is obtained through discovery in this action, or restrict a party from disclosing its own "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information as it deems appropriate.

18. This Order shall have no evidentiary value and shall not be admissible into evidence as to the merits of this action.

19. An intentional violation of this Order by any person may be subject to Court sanction or be deemed contempt of court and may be punishable as such.

Dated: November 30 2001

**DORSEY & WHITNEY LLP**

By Perry M. Wilson, III

Perry M. Wilson III (#012302X)
Jonathan A. Strauss (#0279602)
220 South Sixth Street, Suite 1300
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

**ATTORNEYS FOR DEFENDANT WAL-MART.COM, INC.**

Dated: ~~November~~ December 4, 2001

**OPPENHEIMER WOLFF & DONNELLY LLP**

By_______________________________

Edward M. Laine (#59535)
Bridget A. Sullivan (#265974)
Kari L. Wraspir (#028029X)
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Fax Telephone: (612) 607-7100

**ATTORNEYS FOR PLAINTIFF FINGERHUT BUSINESS SERVICES, INC.**

**ORDER**

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation are hereby adopted and shall govern this action unless otherwise ordered by the Court.

BY THE COURT:

Dated: December 6, 2001.

_______________________________
The Honorable Magistrate Judge
Susan Richard Nelson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Fingerhut Business Services, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Wal-Mart.com, Inc.,<br><br>Defendant. | Civil File No. 01-CV-1261 DSD/SRN<br><br>**EXHIBIT A TO STIPULATION FOR CONFIDENTIALITY AND PROTECTIVE ORDER AND ORDER** |

STATE OF ______________ )
) ss.
COUNTY OF ____________ )

I, ________________________, being first duly sworn, state that:

1. My address is _____________________________________________.

2. My present employer is ____________________________________.

3. My present occupation or job description is _______________________.

4. I have received a copy of the Stipulation for Confidentiality and Protective Order entered in this action and I have carefully read and understood the provisions of the Stipulation for Confidentiality and Protective Order. I will comply with all of the provisions of the Stipulation for Confidentiality and Protective Order.

5. I will hold in confidence, not disclose to anyone not designated in the Stipulation for Confidentiality and Protective Order, and will use only for the purposes of assisting in the resolution of disputes between the parties to this action, any information or documents designated as "CONFIDENTIAL".

6. I will return all documents designated as "CONFIDENTIAL" which may come into my possession, and documents or things which I may prepare relating thereto, to counsel for

the party who disclosed or furnished such documents to me promptly upon the request of counsel for both parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this litigation.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the Stipulation for Confidentiality and Protective Order and of the terms of this Acknowledgment.

______________________________
(Signature)

SWORN TO BEFORE ME, this
___ day of __________, 200_.

______________________________
NOTARY PUBLIC

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.