**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Fingerhut Business Services, Inc., Plaintiff, v. Wal-Mart.com, Inc., Defendant. | Case No: 01-cv-1261 (JNE/JSM) **PLAINTIFF FINGERHUT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING E-TOYS, INC.** |

## INTRODUCTION

Plaintiff Fingerhut Business Services, Inc. ("Fingerhut") hereby moves the Court for an Order precluding Wal-Mart.com, Inc. ("Wal-Mart") from introducing evidence regarding E-Toys, Inc. ("E-Toys"), a former customer of Fingerhut. Wal-Mart presumably intends to introduce evidence that E-Toys was Fingerhut's primary customer in 1999; that Fingerhut encountered "operational and management problems" in its Utah distribution center because of E-Toys (not Wal-Mart); and that these "problems" ultimately resulted in an arbitration proceeding between Fingerhut and E-Toys. *See* Affidavit of Katherine M. Wilhoit ("Wilhoit Aff."), Exh. A, Defendant's Opposition to FBSI's Motion for Summary Judgment.

Fingerhut does not dispute that E-Toys was a major customer in 1999. Fingerhut's contractual relationship with E-Toys is, however, mutually exclusive of Fingerhut's contract with Wal-Mart. Its existence, and Fingerhut's performance under that contract, bear no relevance to the proceedings before this Court. Even more irrelevant is the arbitration proceedings between Fingerhut and E-Toys, which does not make any fact in this litigation more probable or less probable. In fact, it is not anticipated that any witnesses for Fingerhut or Wal-Mart will testify that they testified or were deposed in the E-Toys arbitration. Because evidence

regarding E-Toys bears no relevance to these proceedings, it must be excluded pursuant to Federal Rules of Evidence 401 and 402.

Even if the Court determined that evidence regarding E-Toys had any marginal relevance in the present lawsuit, Federal Rule of Evidence 403 precludes its introduction, because the prejudice to Fingerhut substantially outweighs any marginal relevance the evidence may have. Evidence regarding E-Toys would not only confuse the issues before the jury (because Fingerhut's relationship with E-Toys has absolutely no bearing on Fingerhut's relationship with Wal-Mart or their respective duties and obligations under the Fulfillment Services Agreement ("FSA")), it would serve no other purpose than to shift the focus away from the relevant evidence of Wal-Mart's own wrongdoing to the marginally relevant evidence regarding a former Fingerhut customer. All evidence regarding E-Toys must therefore be excluded not only on grounds of relevance, but because the resultant prejudice to Fingerhut substantially outweighs the evidence's probative value.

## ARGUMENT

### I. EVIDENCE REGARDING E-TOYS HAS NO BEARING ON ANY FACT THAT IS OF CONSEQUENCE TO THE DETERMINATION OF THIS LAWSUIT.

Federal Rule of Evidence 402 mandates that only relevant evidence is admissible. *See* Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevance is not inherent in every item of evidence, but exists "as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Adv. Comm. Notes (1972).

Evidence regarding the arbitration between Fingerhut and E-Toys does not tend to make any fact of consequence to the determination of this action more probable or less probable. *See*

Fed. R. Evid. 401; Wilhoit Aff., Exh. B. The E-Toys arbitration proceeding addresses issues wholly unrelated to the issues in the present litigation. In addition, Wal-Mart was not involved in the E-Toys arbitration, and it is not expected that any of Fingerhut's witnesses will be able to testify that they were deposed or otherwise testified in the E-Toys arbitration. In fact, the arbitration proceedings were initiated prior to the time that Wal-Mart and Fingerhut even entered into the FSA. Based on the foregoing, it is clear that the arbitration bears no relevance to the present litigation, and must be excluded under Federal Rules of Evidence 401 and 402.

Evidence regarding the relationship between Fingerhut and E-Toys prior to arbitration is also wholly irrelevant to the issues before this Court, [1] and must be excluded pursuant to Federal Rules of Evidence 401 and 402. Wal-Mart presumably intends to introduce the evidence to show that Fingerhut was losing money in 1999 and early 2000 because of E-Toys, not Wal-Mart.[2] *See* Wilhoit Aff., Exh. A. On the contrary, the evidence will show that Fingerhut expressly communicated to Wal-Mart on several occasions that it was unable to meet its costs under the pricing terms of the Original Agreement, resulting in substantial losses to Fingerhut. *See* Wilhoit Aff., Exh. D, March 3, 2002, letter from Gary Bledsoe to Glenn Habern, and Exh. E, Wal-Mart internal Power-point presentation (stating that Fingerhut was "slowly bleeding to death").

Regardless, Fingerhut's contract with E-Toys was mutually exclusive of its contract with Wal-Mart. E-Toys was not involved in the negotiation, drafting or performance of the

---

[1] The issues before this Court address the FSA, and Wal-Mart's unilateral termination of the FSA without cause. Also before the Court is the existence of a Minimum Services Fee in the FSA, and Wal-Mart's contractual obligation to pay Fingerhut the Minimum Services Fee for each month of the Agreement when its actual shipping volumes failed to meet or exceed Wal-Mart's projected forecast, as set forth in the FSA at Schedule A.

[2] Wal-Mart also attempted to illicit testimony from Fingerhut's witnesses on this topic during their depositions. *See* Wilhoit Aff., Exh. C, Relevant Excerpts of Depositions of Gary Bledsoe and Bill Bretherton.

Fulfillment Services Agreement. E-Toys was not even a customer of Fingerhut's during the term of the FSA. Finally, nothing in the evidence Wal-Mart has presented regarding E-Toys demonstrates that the agreement between Fingerhut and E-Toys included a Minimum Services Fee, which is of course the main issue before this Court. Very clearly, evidence regarding E-Toys, whether prior to or after the arbitration proceedings bears absolutely no relevance to the issues before this Court, and the evidence must be excluded.

## II. EVEN IF THE COURT DETERMINED THAT EVIDENCE REGARDING E-TOYS WAS RELEVANT, FEDERAL RULE OF EVIDENCE 403 EXCLUDES IT BECAUSE OF THE RESULTING PREJUDICE TO FINGERHUT.

Federal Rule of Evidence 403 provides that evidence, even though it may be relevant to the proceedings, must still be excluded if its probative value is substantially outweighed by the danger of prejudice to the opposing party, confusion of the issues or misleading the jury. *See* Fed. R. Evid. 403. Evidence regarding the existence of other lawsuits is particularly susceptible to prejudicing the opposing party. *See, e.g., Figueroa v. Boston Scientific Corp.*, 2003 WL 21488012, *4, No. 00 Civ. 7922 (DC), June 27, 2003 (S.D.N.Y. 2003) (motion in limine to preclude evidence of other lawsuits granted; probative value of evidence is substantially outweighed by danger of unfair prejudice, confusion of issues, and considerations of undue delay and waste of time) (*See* Wilhoit Aff. Exh. F); *McLeod v. Parsons Corp.*, 73 Fed. Appx. 846, 854, 2003 WL 22097841, *7 Nos. 01-6070, 01-6071, September 5, 2003 (6th Cir. 2003) (evidence regarding other lawsuits excluded because no clear nexus existed between the other lawsuits and the pending litigation, and the potential for prejudice would have substantially outweighed its probative value, and would have misled the jury) (*See* Wilhoit Aff. Exh. G); *Harris v. Pacific Floor Machine Mfg. Co.*, 856 F.2d 64, 67 n.2 (8th Cir. 1988) (no error in excluding evidence of prior lawsuits).

Introducing evidence regarding Fingerhut's relationship with E-Toys, and the resulting arbitration proceedings, would result in substantial prejudice to Fingerhut. Again, none of the witnesses expected to testify in this trial were directly involved in the arbitration proceedings. Therefore, to the extent that Wal-Mart is able to lay a foundation regarding the E-Toys arbitration, Wal-Mart would be capable only of introducing the fact that the arbitration proceedings occurred. It would not be able to ask any questions regarding the proceedings themselves, the basis for the proceedings, or the outcome of the proceedings. Likewise, Fingerhut would be unable to cross-examine any witness regarding the E-Toys arbitration, leaving the jury to speculate the basis for the arbitration and its purported outcome.

In addition, E-Toys is not a party to this litigation, and was not involved in any way in the negotiation, drafting or performance of the Fulfillment Services Agreement. At the time that Fingerhut and Wal-Mart negotiated the Fulfillment Services Agreement that is the subject of this lawsuit, E-Toys was not even a customer of Fingerhut. Introducing evidence regarding E-Toys would only distract the jury from the proper issue before the Court – Wal-Mart's own wrongdoing, and therefore prejudices Fingerhut. *See, e.g., U.S. v. Malpeso*, 115 F.3d 155, 162-163 (2nd Cir. 1997) (stating that "[t]he likely (and presumably intended) effect of admitting evidence of the…issue would have been to shift the focus away from the relevant evidence of the defendants' wrongdoing to tangentially related misdeeds of one government agent…," and therefore the evidence must be excluded pursuant to Federal Rule of Evidence 403).

## CONCLUSION

Based on the foregoing authorities and arguments, Fingerhut respectfully requests the Court enter an Order precluding Wal-Mart from introducing any and all evidence regarding E-Toys.

Respectfully submitted,

Dated: October 22, 2004.

**OPPENHEIMER WOLFF & DONNELLY LLP**

By s/ Edward M. Laine
Edward M. Laine, #59535
Katherine M. Wilhoit, #313853
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

Lori V. Douglas
Assistant Counsel
Federated Department Stores
Regional Law Department
219 Perimeter Center Parkway, Suite 511
Atlanta, Georgia 30346
Telephone: (770) 913-5512

***ATTORNEYS FOR PLAINTIFF FINGERHUT BUSINESS SERVICES, INC.***