C
Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

NOT RECOMMENDED FOR FULL--TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,
Sixth Circuit.

Robert MCLEOD, Plaintiff-Appellant, Cross-Appellee,
v.
PARSONS CORPORATION, et al., Defendants-Appellees, Cross-Appellants.

**Nos. 01-6070, 01-6071.**

Sept. 5, 2003.

Former employee brought action against former employer, alleging violation of the Americans with Disabilities (ADA) and the Age Discrimination in Employment Act (ADEA). The United States District Court for the Eastern District of Tennessee, Jordan, J., denied employer's motion for summary judgment, and subsequently entered judgment, upon jury verdict, in favor of employer. Employee appealed and employer cross-appealed the denial of its motion for summary judgment. The Court of Appeals, Keith, Circuit Judge, held that: (1) testimony of co-worker was not required to be excluded as hearsay; (2) co-worker's testimony was relevant; (3) evidence concerning other discrimination lawsuits against employer was not relevant, and was more prejudicial than probative; (4) exclusion of evidence of settlement in prior action was warranted; (5) witness's testimony in prior litigation was admissible as prior inconsistent statement; and (6) evidence concerning employer's ability to develop new business was not relevant.

Affirmed.

West Headnotes

**[1] Evidence ⚷244(7)**
157k244(7) Most Cited Cases

Testimony of co-worker, that during several meetings a human resources manager and others created a "hit list" of employees who would be laid off or discharged over time for false reasons, that former employee was on that list, and that employee's cancer was discussed during those meeting, was not required to be excluded as hearsay, in former employee's ADA and ADEA action; statements were made during company meetings held at employer's office, and concerned employment issues, and thus, statements were made by employees within the scope of their employment. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.; Fed.Rules Evid.Rule 801(d)(2)(D), 28 U.S.C.A.

**[2] Evidence ⚷146**
157k146 Most Cited Cases

Testimony of co-worker, that during several meetings a human resources manager and others created a "hit list" of employees who would be laid off or discharged over time for false reasons, that former employee was on that list, and that employee's cancer was discussed during those meeting, was relevant, and potential prejudice did not outweigh their probative value, in former employee's ADA and ADEA action; statements were not sporadic or isolated, as they were made by employer's decision-makers at employer's offices, and concerned employment issues. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Age Discrimination in Employment Act of 1967, § 2 et seq, 29 U.S.C.A. § 621 et seq.; Fed.Rules Evid.Rules 401, 402, 28 U.S.C.A.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT G**

[3] **Evidence 129(5)**
157k129(5) Most Cited Cases

[3] **Evidence 146**
157k146 Most Cited Cases

Evidence concerning other discrimination lawsuits filed against employer was not relevant, and its probative value would be substantially outweighed by danger of unfair prejudice, in former employee's ADA and ADEA action; there was no nexus between prior lawsuits and employee's action, because other lawsuits were filed by employees who worked at different locations and were discharged for a variety of reasons. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.; Fed.Rules Evid.Rules 401, 402, 403 28 U.S.C.A.

[4] **Evidence 129(5)**
157k129(5) Most Cited Cases

District Court's order authorizing admission of testimony that Department of Labor audits of employer's employment records did not reveal a history of discrimination was not inconsistent with its prior order excluding evidence concerning other lawsuits filed against employer, in former employee's ADA and ADEA action, as such testimony did not concern a specific employment discrimination lawsuit. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.

[5] **Witnesses 376**
410k376 Most Cited Cases

Exclusion of evidence that former employee's witness settled a discrimination lawsuit with employer, offered to rehabilitate witness's credibility, after another witness testified that witness was upset about his discharge by employer, was warranted, in former employee's ADA and ADEA action; evidence fell under District Court's ruling to exclude evidence of prior lawsuits, and potential prejudice from fact of settlement would substantially outweigh its probative value. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.; Fed.Rules Evid.Rules 401, 402, 403, 608(a) 28 U.S.C.A.

[6] **Evidence 266**
157k266 Most Cited Cases

Admission of former employee's witness's testimony in prior lawsuit against employer that he did not remember human resources manager making any age-related comments about employees was warranted, as prior inconsistent statement, in former employee's ADA and ADEA action, where witness testified in former employee's action that manager referred to employee as an old man and commented that he was a member of the senior citizens pool. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.; Fed.Rules Evid.Rule 801(d)(1)(A), 28 U.S.C.A.

[7] **Witnesses 414(2)**
410k414(2) Most Cited Cases

Testimony of former employee's witness in another lawsuit that former employee was on the employer's list of employees that would be terminated for false reasons was not admissible as prior consistent statement that could be used to rehabilitate witness's credibility after it was attacked, in former employee's ADA and ADEA action, where testimony was given after witness gave testimony in former employee's action. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.; Fed.Rules Evid.Rule 801(d)(1)(B), 28 U.S.C.A.

[8] **Civil Rights 1542**
78k1542 Most Cited Cases

Evidence concerning employer's ability to develop new business, employer's attempts to retain two key employees who later left the company, and difficulty of cancer patients in obtaining health insurance was not relevant, in ADA and ADEA action brought by former employee with cancer; evidence did not tend to show that employer's proffered financial reasons for terminating employee were false. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.; Fed.Rules Evid.Rule 401, 28 U.S.C.A.

[9] **Federal Civil Procedure 2497.1**
170Ak2497.1 Most Cited Cases

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Genuine issues of material fact as to whether 56-year-old former employee was discharged due to age discrimination, whether he was qualified for another position given to younger employee, and whether his supervisors were aware that employee had cancer and regarded it as a liability, precluded summary judgment in favor of employer, in former employee's ADA and ADEA action. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.
***848** On Appeal from the United States District Court for the Eastern District of Tennessee.

Judy P. McCarthy, Dennis M. McCarthy, McCarthy & McCarthy, Knoxville, TN, for Plaintiff-Appellant/Cross-Appellee.

William S. Lockett, Jr., Rebecca B. Murray, Kennerly, Montgomery & Finley, Knoxville, TN, for Defendant-Appellee/Cross-Appellant.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge. [FN*]

FN* The Honorable Herman J. Weber, United States District Court for the Southern District of Ohio, sitting by designation.

KEITH, Circuit Judge.

****1** Plaintiff-Appellant Robert McLeod ("McLeod") appeals the jury verdict in favor of the Defendants-Appellees Cross-Appellants Parsons Corporation. Parsons Engineering Science, Inc., and Parsons Infrastructure and Technology Group, (collectively "Parsons") on his claims under the Americans with Disabilities Act ("ADA") 42 U.S.C. § § 12102 *et seq.*, and his claim under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § § 621 *et seq.* McLeod filed employment discrimination claims under the ADA and the ADEA alleging that Parsons, his former employer, discharged him because of his age and because he had cancer. Ultimately, the jury found that Parsons did not violate the ADA or the ADEA when it discharged McLeod.

On appeal, McLeod challenges the jury's verdict, arguing that the district court erred when it made evidentiary rulings to exclude: (1) evidence concerning other lawsuits filed against Parsons; (2) the prior consistent statements of William Bradley ("Bradley"). McLeod's key witness, and evidence that Bradley settled his employment discrimination claim against Parsons, offered in order to rehabilitate Bradley's credibility; and (3) evidence offered ***849** to rebut Parsons's justifications for discharging McLeod. Parsons cross appeals: (1) the district court's judgment finding that William Bradley's deposition testimony concerning the discriminatory statements of Parsons's employees was not hearsay, was relevant, and that the probative value of these statements was not substantially outweighed by the potential for prejudice; and (2) the district court's order denying in part their motion for summary judgment on McLeod's ADEA and ADA claims.

Because we find that the district court did not err when it made the evidentiary rulings challenged on appeal and cross appeal, or when it denied in part Parsons's motion for summary judgment, we AFFIRM the district court.

## I. BACKGROUND

In 1982, McLeod began working for the Atlanta office of Parsons Engineering Science, Inc. ("PESI"). In 1987, McLeod was transferred to Parsons's office in Oak Ridge, Tennessee, where he served as the Office Manager. McLeod's expertise was in soil and ground water hydrology. The principal contract in the Oak Ridge office was a contract with the Department of Energy for hazardous waste investigation ("HAZWRAP contract"). From 1987 until 1995, McLeod worked primarily on the HAZWRAP contract. In 1995, after the HAZWRAP contract ended, most of the employees at PESI's Oak Ridge office were laid off, leaving McLeod and five to six other employees at that office. McLeod lost a substantial amount of billable work when the HAZWRAP project ended.

In 1991, McLeod was diagnosed with thyroid cancer, requiring him to undergo surgery and receive chemotherapy. McLeod returned to work after his treatment was complete. McLeod's cancer returned again in 1995, requiring him to undergo additional surgery. In January of 1996. McLeod was able to return to work. McLeod alleged that shortly after he returned to work, his supervisor told him to increase his productivity by ninety-five percent.

****2** On June 22, 1996, McLeod and the remaining employees at the Oak Ridge PESI office were transferred to the Oak Ridge office of the Parsons Infrastructure and Technology Group, Inc. ("PI &

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

T"). The PI & T office worked primarily on nuclear facilities clean up and operating support for nuclear facilities. After this transfer, McLeod's title was changed to Department Manager. However, his salary remained the same.

In order to find more work for McLeod and his staff, Stephen Marchetti ("Marchetti"), Senior Vice President of Parsons's government division, assigned McLeod to temporarily work at the Savannah River office, in Aiken, South Carolina. There is a factual dispute whether McLeod was willing to temporarily relocate to the Savannah River office.

Shortly after McLeod arrived at the Oak Ridge PI & T office, Marchetti appointed David Yannitell ("Yannitell") to Office Manager of that office. Yannitell was fifty-one years old when he was appointed to this position. When Yannitell resigned in 1997, Rodney Grubb was named the Office Manager. Grubb was forty years old and lacked prior management experience. During the trial, Parsons's witnesses alleged that the position Grubb held was not the same position that McLeod formerly held, and that McLeod was not qualified for this position.

In 1997, the Oak Ridge PI & T office experienced some financial difficulties. On June 20, 1997, Grubb notified McLeod that he would be laid off on July 11, 1997, as a result of the office's financial situation. McLeod was fifty-six years old when he ***850** was laid off. Grubb alleged that he was the sole decision maker responsible for McLeod's discharge. Grubb denied having knowledge that McLeod had cancer when he made the decision to discharge him. McLeod presented evidence suggesting that it was well known in the Oak Ridge office that he had cancer, and that the company kept records of his hospitalizations.

Upon being notified that he was being laid off. McLeod inquired whether there was work available at any of Parsons's other offices. Grubb informed him that comparable work was not available at the other offices. McLeod alleged that within one month after he was laid off, several e-mails were circulated within the company regarding openings for senior level staff positions, and that he possessed the necessary training for these positions.

Within one week after he was laid off, McLeod was hired as a consultant in Parsons's Atlanta office on an hourly basis without benefits. McLeod served as a consultant from July 1997 until February 1998. McLeod was not called back to work at the Oak Ridge office.

On November 5, 1998, McLeod filed a lawsuit against Parsons, alleging that he was discharged because of his age, in violation of the ADEA, and because he had cancer, in violation of the ADA. Parsons moved for summary judgment on McLeod's ADEA claim and ADA claims, arguing that McLeod did not present direct evidence of discrimination, and that McLeod failed to establish a prima facie case of discrimination and did not satisfy his burden of rebutting Parsons's legitimate non-discriminatory reasons underlying his discharge.

****3** In a Memorandum Opinion dated June 7, 2000, the district court denied Parsons's motion in part, finding that McLeod presented direct evidence of discrimination and presented material issues of fact to invoke disability status under § § 1202(2)(B) and (C) of the ADA, because there was a factual dispute whether Parsons perceived McLeod as having a disability that interfered with a major life function, and whether McLeod had a history of such impairment. [FN1] The district court also denied summary judgment on McLeod's ADEA claim finding that he provided direct evidence of age discrimination. However, the district court granted summary judgment on McLeod's ADA claim alleging that he suffered a substantial impairment necessary to invoke the definition of a disability under § 12102(2)(A) of the ADA. With respect to this claim, the district court concluded that McLeod did not have a substantial limitation necessary to invoke disability status under § 12102(2)(A) of the ADA, because he had returned to work after each surgery and had performed the necessary tasks. Additionally, the court found that McLeod was not suffering from cancer when he was discharged.

FN1. The ADA defines the term "disability" to include: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual, (B) a record of such impairment, (C) being regarded as having such impairment." 42 U.S.C. § 12102(2).

Parsons also filed a motion to strike portions of the deposition testimony of William Bradley ("Bradley"), Parsons's former human resources recruiter, arguing that this testimony contained inadmissible hearsay. Although Bradley died in 2001, before this trial commenced, the district court permitted McLeod to

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

read excerpts from Bradley's deposition testimony during the trial. In his deposition, Bradley testified that in 1992 and early 1993, Parsons held several company planning meetings in Pasadena, California that ***851** were attended by: William Jack ("Jack"), Parsons's company administrator; Phil Williams ("Williams"), Parsons's human resources manager; and Carol Palmertree ("Palmertree"), Parsons's EEOC representative. Bradley testified that during these meetings, Jack, Williams, and Palmertree created a "hit list" of employees, who would be laid off or discharged over time for false reasons. Bradley testified in his deposition that, during these meetings, it was discussed that McLeod had cancer, and that he "was no longer physically capable of performing his duties as office manager. And it was discussed that perhaps they should find a younger individual that could step in and do Mr. McLeod's job." (J.A. 1098-099.) Bradley also testified that Williams referred to McLeod as "an old man" and remarked that he considered him "a member of the senior citizen pool within the company." (J.A. at 1101.) Palmertree, Jack, and Williams denied that these statements were made, or that they created a "hit list" during these meetings.

In a Memorandum Opinion of June 7, 2001, the district court denied Parsons's motion to strike these statements, finding that these statements were not hearsay because they were made by Parson's employees within the scope of their employment. Parsons later filed a motion in limine to exclude this testimony on the same grounds asserted in its motion to strike this testimony. The district court issued a Memorandum Opinion dated July 11, 2001, in which it again concluded that the statements of Parsons's employees was not hearsay because they were made during a company meeting, were made by Parsons's human resources personnel, and concerned the subject of the decision to terminate certain employees. The district court also rejected Parsons's arguments that these statements were sporadic, and as a result, were not relevant, and that their potential for prejudice did not substantially outweigh their probative value.

****4** Ultimately, the jury found that Parsons did not violate the ADEA or the ADA when it discharged McLeod. McLeod appeals this verdict arguing that the district court abused its discretion when it made several evidentiary rulings during the trial to exclude: (1) testimony concerning other lawsuits filed against Parsons; (2) Bradley's prior consistent testimony and evidence concerning Bradley's settlement with Parsons; and (3) evidence offered to rebut Parsons's proffered justifications for discharging McLeod. On appeal, McLeod also urges this panel to adopt the approach followed in other circuits, and permit plaintiffs to prevail in cases filed under the ADA where the plaintiff's disability was not the sole factor underlying the adverse employment action.

Parsons cross appeals the district court's judgment in which the court concluded that Bradley's testimony concerning the statements made by Parsons's employees were admissible. On cross appeal, Bradley argues that the statements of Parsons's agents were inadmissible hearsay because they were not made within the scope of employment, and that the statements were not admissible because they were not relevant and the potential for prejudice outweighed the probative value of these statements. Parsons also cross appeals the district court's judgment denying in part their motion for summary judgment against McLeod's ADEA and ADA claims, arguing that McLeod failed to provide direct evidence of discrimination, and that McLeod failed to establish a prima facie case of discrimination. Neither party appeals the grant of summary judgment on McLeod's ADA claim alleging that he suffered a physical impairment that substantially ***852** interfered with a major life function.

## II. DISCUSSION

### A. *The district court's evidentiary rulings*

On appeal, McLeod challenges several of the district court's evidentiary rulings. Parsons cross appeals the district court's determination that Bradley's testimony concerning the statements made by Parsons's human resources employees at a company planning meeting were not hearsay and were admissible as relevant evidence. A district court's evidentiary determinations are reviewed for an abuse of discretion. *See* Hancock v. Dodson, 958 F.2d 1367, 1371 (6th Cir.1992) (citing U.S. v. Rios, 842 F.2d 868, 872 (6th Cir.1988)). "However, a district court's conclusions of law, such as whether proffered evidence constitutes hearsay within the meanings of the Federal Rules of Evidence, are reviewed *de novo.*" *See id.* (citing U.S. v. Levy, 904 F.2d 1026, 1029 (6th Cir.1990)).

An abuse of discretion exists only when the district court " 'relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.' " U.S. v. Hart, 70 F.3d 854, 859 (6th Cir.1995) (quoting Fleischut v. Nixon Detroit Diesel, Inc., 859 F.2d 26, 30 (6th Cir.1988)). Under this standard, we do not reverse the district

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

court's finding absent a " 'definite and firm conviction that the trial court committed a clear error of judgment' " and only when such abuse of discretion has caused more than harmless error. Cincinnati Ins. Co. v. Byers, 151 F.3d 574, 578 (6th Cir.1998) (quoting Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989)); *see also* Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1331 (6th Cir.1994) (citing U.S. v. Markarian, 967 F.2d 1098, 1103 (6th Cir.1992)).

1. *The district court's ruling on Bradley's testimony concerning statements made by Parsons's agents*

****5** Parsons filed a motion to strike, and later a motion in limine, to exclude Bradley's testimony concerning the statements made by Parsons's agents at a company planning meeting. The specific statements at issue include Bradley's testimony that "[t]here was a list of employees that were discussed that Parsons was no longer going to keep on the payroll, and Mr. McLeod's name was one of those." (J.A. at 302.) Bradley also testified that during a company planning meeting, it was a well known fact that McLeod had cancer, and that "it was discussed that perhaps they should find a younger individual that could step in and do Mr. McLeod's job." (J.A. at 303.)

Federal Rule of Evidence 801(c) defines hearsay as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Under Federal Rule of Evidence 801(d)(2)(D), a statement is not hearsay if offered against a party, and was made by "the party's agent or servant concerning a matter within the scope of agency or employment, made during the existence of the relationship." Fed.R.Evid. 801(d)(2)(D). In order to determine whether a statement was made within the scope of employment, this Court considers whether the statement was related to the decision making process, and whether the statement was more than a vague, ambiguous, or isolated remark. *See* Cooley, 25 F.3d at 1331.

On cross appeal, Parsons argues that the district court's judgment, in which the court concluded that these statements were admissible, was reached in error because: (1) the statements were not made within the scope of the declarants' employment; (***853** 2) the declarants did not influence the final decision to terminate McLeod's employment: and (3) the statements were made several years before Parsons was discharged. Parsons also argues that the statements were not relevant because they were sporadic, isolated comments, and that their potential for prejudice was substantially outweighed by their probative value.

[1][2] In a thorough comprehensive opinion, the district court previously rejected these arguments finding that: (1) the statements were not hearsay because they were made by Parsons's agents within the scope of their employment; (2) the statements were not sporadic, or isolated, and, as result, were relevant; and (3) the potential for prejudice of these statements did not substantially outweigh their probative value. The district court reached this conclusion based upon the fact that these statements were made during company planning meetings, held in Parsons's Pasedena office, which was responsible for reviewing all employment decisions, and were made by Parsons's human resources managers, and concerned employment issues.

We believe that the district court's order concluding that these statements were admissible properly describe and apply the relevant law and legal standards. After reviewing the district court's legal conclusions de novo and its other determinations under the Federal Rules of Evidence for abuse of discretion, and independently analyzing the issues presented, we believe that the district court provided an exhaustive analysis, the repetition of which is unnecessary. We, therefore, affirm the district court's order, finding that this evidence was admissible, for the reasons explained by the district court. In so ruling, we rely upon the reasons set forth by the district court in its thorough analysis and order of July 11, 2001.

2. *The district court's rulings on evidence concerning other lawsuits filed against Parsons*

****6** On appeal, McLeod argues that the district court abused its discretion when it excluded testimony concerning other lawsuits filed against Parsons. Specifically, McLeod sought to introduce testimony concerning the filing and success of other employment discrimination claims filed against Parsons by employees who were also on the "hit list," to demonstrate that Parsons had a plan to discriminate, and carried out this plan. McLeod also sought to introduce evidence that the federal government had filed several claims against Parsons for alleged billing irregularities and that Parsons was required to pay fines for these violations, in order to attack Parsons's credibility. The district court ruled that evidence of other lawsuits was not relevant, and,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

therefore, was inadmissible. However, the district court permitted McLeod to read the names of the other employees who were on the "hit list," and to testify whether these employees suffered an adverse employment action.

[3] Under Federal Rule of Evidence 402, "evidence not relevant is inadmissible." Fed.R.Evid. 402. Federal Rule of Evidence 401 defines relevant evidence as including "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "Because the trial court's determinations of relevancy depend on the exercise of considerable judgment within the context of the entire trial, appellate courts will not lightly overrule the trial court's decision." *United States v. Stull,* 743 F.2d 439, 445 (6th Cir.1984). In *Wyvill v. United Companies Life Insurance Company,* 212 F.3d 296, 302 (5th Cir.2000), the Fifth Circuit cautioned that "Anecdotes ***854** about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff." *Id.* (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1221 (5th Cir.1995)).

Federal Rule of Evidence 403 provides that although relevant. "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed.R.Evid. 403. Federal Rule of Evidence 404(b) provides that evidence of prior acts "is not admissible to prove the character of a person in order to show action in conformity therewith. It may however be admissible for other purposes. such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." Fed.R.Evid. 404(b). In this Circuit, evidence of prior acts is only admissible if it meets a four-part test: (1) the evidence must be directed toward establishing something other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and that the party in question committed it; and (4) the prejudicial effect of the evidence must not clearly outweigh its probative value. *See* *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 494-95 (7th Cir.1998).

**7 Here, it is not apparent that evidence concerning the other employment discrimination lawsuits filed against Parsons was relevant, because there was no clear nexus between these lawsuits and this case. The employees who filed these actions worked at several different offices, and were discharged for a variety of reasons. Additionally, the potential for prejudice that would have accompanied this evidence would have substantially outweighed its probative value, and this evidence would have misled the jury. Accordingly, we find no abuse of discretion in the exclusion of this evidence.

[4] Next, McLeod challenges the district court's ruling, which permitted Parsons's witnesses to testify that the Department of Labor's audits of Parsons's employment records did not reveal a history of discrimination. On appeal, McLeod argues that this ruling was inconsistent with the ruling to exclude evidence concerning other lawsuits. We disagree. This testimony did not concern a specific employment discrimination lawsuit, and as a result does not appear to fall under the district court's ruling that evidence of other discrimination lawsuits was not admissible because it was not relevant. Moreover, this testimony does not contain the same degree of prejudice carried by testimony concerning specific past discrimination suits.

We also conclude that the district court properly excluded testimony that Bradley filed an employment discrimination claim against Parsons and had settled this claim for $250,000. During the trial, Palmertree testified that Bradley was discharged from Parsons in 1993, and that Bradley was upset about his termination. In order to rehabilitate Bradley's credibility, McLeod submitted testimony that Bradley had settled his employment discrimination suit against Parsons. The district court concluded that this evidence was excluded under its ruling concerning other lawsuits.

[5] Under Federal Rule of Evidence 608(a), "[t]he credibility of the witness may be attacked or supported by evidence in the form of opinion or reputation." Fed.R.Evid. 608(a). Although McLeod argues that testimony concerning Bradley's settlement was admissible under Rule 608(a), this evidence clearly fell under the district ***855** court's ruling to exclude evidence of prior lawsuits. Additionally, the potential for prejudice stemming from Bradley's settlement would have substantially outweighed its probative value, and this evidence would have likely misled the jury and confused the issues. As a result, we believe that this evidence was properly excluded. Additionally, this evidence was not in the form of

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

opinion or reputation evidence, and, as a result, did not fall under the scope of Rule 608(a). It is not clear that this evidence would have been admissible for any other purpose.

Similarly, we reject McLeod's argument that testimony concerning the government's claims against Parsons were admissible under Rule 608(b), and were improperly excluded. McLeod sought to admit this evidence in order to attack "Parsons' reputation for honesty and truthfulness." (Appellant's Br. at 32.) Rule 608(b) provides that specific instances of conduct may "in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness ..." Fed.R.Evid. 608(b).

**8 McLeod has not presented evidence that Parsons's witnesses actually participated in the overbilling. Accordingly, this evidence was not probative on the truthfulness of Parsons's witnesses and, as a result was not admissible under Rule 608. Moreover, it does not appear that this evidence would have been relevant for any other purpose. As a result, this evidence was properly excluded.

3. *The district court's rulings on Bradley's testimony from other cases*

We further reject McLeod's argument that the district court inconsistently applied its ruling excluding testimony concerning other lawsuits filed against Parsons. On appeal, McLeod argues that the district court erred when it permitted Parsons to impeach Bradley's credibility by introducing Bradley's prior inconsistent testimony from the Lawson case, an employment discrimination claim filed against Parsons by Judy Lawson, Parsons's former employee. In 1997, during the Lawson trial, Bradley testified that he did not remember Williams making age-related comments about any other employees. This prior statement is inconsistent with Bradley's testimony in this case that Williams referred to McLeod as an "old man" and commented that "he was a member of the senior citizens pool within the company." The district court ruled that this testimony was not hearsay because it was a prior inconsistent statement made under oath.

Federal Rule of Evidence 801(c) defines hearsay as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Under Federal Rule of Evidence 801(d)(1)(A), a prior inconsistent statement is not hearsay provided that it was "inconsistent with the declarant's testimony and was given under oath subject to the penalty of perjury at a trial, hearing or other proceeding, or in a deposition." Fed.R.Evid. 801(d)(1)(A). In order to be admitted under this rule, the prior statement must actually predate the witnesses' alleged motive for fabrication or improper influence. *See Tome v. U.S.,* 513 U.S. 150, 159, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995).

[6] We find no abuse of discretion in district court's determination that Bradley's prior inconsistent statements from the Lawson case were not hearsay. Bradley testified in the Lawson case before he was deposed for this case, satisfying the requirements of Rule 801. Because the facts of the Lawson case were not read to ***856** the jury, admitting this evidence did not conflict with the district court's earlier ruling excluding evidence of other lawsuits.

McLeod also argues that the district court erred when it excluded Bradley's testimony from the Au case, an employment discrimination case brought by Jerry Au, Parsons's former employee. In 1999, Bradley testified during the Au case that "[o]ne of the other names added to the list is Mr. Robert McLeod. He's in Oak Ridge. Tennessee. They also terminated him, same thing, lack of performance, lack of work, et cetera." (J.A. at 1137.) This testimony is consistent with Bradley's testimony in this case that McLeod's name was included on the "hit list" and that Williams regarded McLeod's age as a liability. McLeod sought to introduce this consistent testimony, in order to rehabilitate Bradley's credibility in this case. The district court excluded this evidence as hearsay, finding that Bradley's testimony in the Au case was not a prior statement because it was given on May 3, 1999, after Bradley was deposed in conjunction with this litigation.

**9 [7] Under Federal Rule of Evidence 801(d)(1)(B), prior consistent statements are not hearsay, and may be used to "rebut an express or recent charge or implied charge against the declarant of recent fabrication or improper influence or motive." Fed.R.Evid. 801(d)(1)(B). Bradley's consistent statement in the Au case does not satisfy the temporality requirement in Rule 801(d)(1)(B) because this testimony was not given before he was deposed in connection with McLeod's trial. As a result, this testimony was properly excluded. Moreover, because Bradley's testimony from the Au case was given after Bradley's testimony in this case, unlike his testimony from the Lawson case,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

excluding this testimony was not inconsistent with the district court's ruling permitting Parsons to use Bradley's testimony from the Lawson case.

4. *The district court's ruling on evidence offered to rebut Parsons's justifications for discharging McLeod*

[8] On appeal, McLeod challenges the district court's ruling excluding testimony from James Carter concerning Parsons's ability to develop new business, and testimony concerning Parsons's attempts to retain two engineers with substantial nuclear experience, who later left the company. McLeod also challenges the district court's ruling to exclude testimony from Stephen Marchetti, concerning whether it was difficult for cancer patients to obtain health insurance. Finding that this testimony was not relevant, the district court ruled that it was inadmissible. On appeal, McLeod challenges these rulings, arguing that this evidence was relevant because it suggested that Parsons's justifications for firing McLeod - financial reasons and McLeod's lack of nuclear experience - were false.

We reject McLeod's arguments, and find no error in the district court's rulings to exclude this evidence. The link between this evidence and Parsons's justifications for discharging McLeod is so attenuated, that it is not readily apparent that this evidence was relevant to demonstrate that Parsons's justifications were false. As a result, we believe that the district court correctly ruled that this evidence was not relevant, and was, therefore, inadmissible.

B. *The district court did not err when it denied Parsons's motion for summary judgment in part*

On appeal, Parsons's argues that the district court erred when it did not grant summary judgment against all of McLeod's claims. We review the district court's denial of summary judgment for an abuse of discretion. *See* Valot v. Southeast Local Sch. Bd. of Educ., 107 F.3d 1220, 1230 (6th Cir.1997). ***857**Federal Rule of Civil Procedure 56(e) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(e). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See* Cacevic v. City of Hazel Park, 226 F.3d 483, 491 (6th Cir.2000) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). "A genuine issue for trial exists when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.' " Cacevic v. City of Hazel Park, 226 F.3d 483, 491 (6th Cir.2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

****10** In a comprehensive Memorandum Opinion dated June 7, 2000, the district court denied Parsons's motion for summary judgment on McLeod's claims, finding that the statements made by Parsons's agents provided direct evidence of both age discrimination and disability discrimination. The district court also concluded that McLeod satisfied his burden of demonstrating that he was disabled under the ADA because he created a genuine issue of material fact whether his supervisors perceived him as having a physical impairment that substantially interfered with the major life function of working, and whether he had a record of such impairment. However, the district court granted summary judgment in part on McLeod's ADA claim, finding that he did not suffer from a physical impairment that substantially interfered with his ability to perform a major life function. This later ruling is not challenged on appeal.

As did the district court, we reject Parsons's arguments that McLeod did not provide direct evidence of age or disability discrimination. Bradley's testimony indicated that McLeod's age was discussed as a liability. Additionally, McLeod was fifty-six years old when he was laid off, and he created a genuine issue of material fact concerning whether he was qualified for the position that was given to a younger employee.

Similarly, McLeod provided direct evidence that Parsons regarded his cancer as a liability, and created a genuine issue of material fact whether his supervisors were aware that he had cancer, and that the company kept a record of this impairment.

[9] After carefully reviewing the record, the briefs of both parties, and the applicable law, we believe that the district court's order denying summary judgment in part against McLeod's ADA and ADEA claims properly describes the relevant law and legal standards. After reviewing for an abuse of discretion, and independently analyzing the issues presented, we believe that the district court provided an exhaustive analysis, and that further analysis of this issue, in this

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

opinion, would serve no useful jurisprudential purpose. We, therefore, affirm the district court's order denying summary judgment, for the reasons stated by the district court.

C. *McLeod's request that this panel allow plaintiffs to prevail in mixedmotive cases filed under the ADA*

Next, McLeod argues that this panel should adopt the approach followed by several other circuits, with respect to the plaintiff's burden of proof under the ADA. In this circuit, in order to prevail on a claim alleging a violation of the ADA, a plaintiff must demonstrate that he or she: (1) is an individual with a disability; (2) is otherwise qualified to perform the job requirements ***858** with or without reasonable accommodations; and (3) was discharged solely on account of the disability. *Walsh,* 201 F.3d at 725 (citing *Monette,* 90 F.3d at 1177 (6th Cir.1996)). However, several of our sister circuits have permitted plaintiffs to prevail in "mixed-motive" cases filed under the ADA. *See, e.g., McNely v. Ocala Star-Banner Corp.,* 99 F.3d 1068, 1073-77 (11th Cir.1996); *Douglas Parker v. Sony Pictures Entm't, Inc.,* 260 F.3d 100, 105 (2d Cir.2001) (holding that the plaintiff could proceed with his ADA claim because his disability played a motivating role in his discharge); *Baird v. Rose,* 192 F.3d 462, 470 (4th Cir.1999) (holding that "the ADA does not impose a 'solely by reason of' standard of causation"); *Foster v. Arthur Andersen, LLP,* 168 F.3d 1029, 1033-34 (7th Cir.1999) (noting that in order to prevail under the ADA, plaintiffs must demonstrate that impermissible discrimination was a motivating factor); *Pedigo v. P.A.M. Transp., Inc.,* 60 F.3d 1300, 1301 (8th Cir.1995) (citing 42 U.S.C. § 2000e-2(m)) ("An employee is entitled to some relief if he or she proves that his or her disability was a 'motivating factor' in the decision made even though other factors also motivated the decision."); *Buchanan v. City of San Antonio,* 85 F.3d 196, 200 (5th Cir.1996).

****11** We decline McLeod's request that this panel permit plaintiffs to recover under the ADA in mixed motive cases. Adopting the approach followed by several other circuits would require the panel to make a substantial departure from this Court's holdings in *Walsh* and *Monette.* Under *Salmi v. Secretary of Health and Human Services,* 774 F.2d 685, 689 (6th Cir.1985), one panel of this Court cannot reverse the holding of another panel unless there is a contrary Supreme Court decision or en banc decision by this Court. *Id.* Because neither of these conditions have been satisfied in this case, we must decline McLeod's request.

III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgments and evidentiary rulings.

73 Fed.Appx. 846, 2003 WL 22097841 (6th Cir.(Tenn.)), 26 NDLR P 253

Briefs and Other Related Documents (Back to top)

- 01-6071 (Docket) (Sep. 04, 2001)
- 01-6070 (Docket) (Sep. 04, 2001)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.