**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Fingerhut Business Services, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Wal-Mart.com, Inc.,<br><br>Defendant. | Case No: 01-cv-1261 (JNE/JSM)<br><br>**PLAINTIFF FINGERHUT'S MOTION IN LIMINE TO EXCLUDE ARGUMENTS OR EVIDENCE CONCERNING PURPORTED COMPLAINTS OR CRITICISMS OF FINGERHUT'S PERFORMANCE UNDER THE FULFILLMENT SERVICES AGREEMENT** |

## INTRODUCTION

Plaintiff Fingerhut Business Services, Inc. ("Fingerhut") hereby moves the Court for an Order precluding Wal-Mart.com, Inc. ("Wal-Mart") from introducing evidence or arguments regarding any purported complaints or criticisms of Fingerhut's performance under the Fulfillment Services Agreement ("FSA"). This evidence is not relevant, and therefore is inadmissible, under Federal Rules of Evidence 401 and 402. In addition, even if the evidence were relevant, it must still be excluded pursuant to Federal Rule of Evidence 403, because the danger of confusing the issues or misleading the jury substantially outweigh any probative value of the evidence.

## ARGUMENT

Evidence regarding Fingerhut's performance under the FSA is not relevant, and must be excluded. Federal Rule of Evidence 402 mandates that only relevant evidence is admissible. *See* Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevance is not inherent in every item of evidence, but exists "as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Adv. Comm. Notes (1972). Evidence or arguments

regarding Wal-Mart's purported complaints or criticisms of Fingerhut's performance under the FSA is not relevant, because it does not tend to make any matter provable in this case more probable or less probable.

The FSA itself mandates that the Agreement may only be terminated for the causes enumerated therein. *See* Affidavit of Katherine M. Wilhoit ("Wilhoit Aff."), Exh. A, FSA. Wal-Mart cannot dispute that grounds for early termination are not present on the facts here. In addition, the parties expressly agreed at Schedule A, page 12, that Fingerhut's performance under the FSA could not constitute a breach of the FSA. *Id.* Also, Fingerhut seeks the Minimum Services Fees Wal-Mart was required to pay Fingerhut under the express terms of the FSA. *See* Wilhoit Aff., Exh. B, First Amended Complaint. Therefore, any criticisms or complaints Wal-Mart may have regarding Fingerhut's performance under the FSA have no relevance whatsoever to any claims or legitimate defenses, and must be excluded.

Finally, Wal-Mart anticipatorily breached the Fulfillment Services Agreement when Wal-Mart unequivocally communicated that it would pull its inventory from Fingerhut's distribution center in early 2001; that it would refuse to use Fingerhut for fulfillment services after July 2001; and that it would refuse to pay Fingerhut a Minimum Services Fee after June 2001. When Wal-Mart breached the Fulfillment Services Agreement, Fingerhut was relieved of all future performance under the Fulfillment Services Agreement. *See* 22A N.Y.Jur2d Contracts § 452; *Rachmani Corp. v. 9 East 96th Street Apt. Corp.*, 211 A.D.2d 262, 266-267 (N.Y. App. Div. 1995). Any purported criticisms or complaints that Wal-Mart may have had regarding Fingerhut's performance under the FSA after Wal-Mart breached the FSA are therefore not relevant and must be excluded under Federal Rules of Evidence 401 and 402.

Even if the Court determined that the evidence was relevant, it must still be excluded pursuant to Federal Rule of Evidence 403, because its probative value is substantially

outweighed by confusion of the issues and misleading the jury. *See* Fed. R. Evid. 403. Because the evidence does not tend to make any matter properly before the jury more probable or less probable, the jury will hear the proffered evidence by Wal-Mart, and be left wondering for what purpose the evidence was introduced. The result, of course, would be unfair prejudice to Fingerhut, confusion of the issues and misleading the jury. For the foregoing reasons, if the Court determines the evidence is relevant, it must still prohibit introduction of the evidence or arguments under Federal Rule of Evidence 403.

## CONCLUSION

Based on the foregoing authorities and arguments, Fingerhut respectfully requests the Court enter an Order precluding Wal-Mart from introducing evidence or arguments regarding any purported complaints or criticisms of Fingerhut's performance under the Fulfillment Services Agreement.

Respectfully submitted,

Dated: October 22, 2004.

**OPPENHEIMER WOLFF & DONNELLY LLP**

By s/Edward M. Laine
Edward M. Laine, #59535
Katherine M. Wilhoit, #313853
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

Lori V. Douglas
Assistant Counsel
Federated Department Stores
Regional Law Department
219 Perimeter Center Parkway, Suite 511
Atlanta, Georgia 30346
Telephone: (770) 913-5512

***ATTORNEYS FOR PLAINTIFF***
***FINGERHUT BUSINESS SERVICES, INC.***