UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fingerhut Business Services, Inc.,

Plaintiff,

v.

Wal-Mart.com, Inc.,

Defendant.

Civil File No. 01-CV-1261 DSD/SRN

**FIRST AMENDED ANSWER**

TO: Plaintiff and its attorney, Edward M. Laine, Oppenheimer Wolff & Donnelly LLP, 3400 Plaza VII Building, 45 South Seventh Street, Minneapolis, MN 55402.

**FIRST DEFENSE**

Wal-Mart.com, Inc. ("Wal-Mart"), for its Answer to plaintiff's Complaint states as follows:

1. Is unable to admit or deny the allegations in paragraph 1.

2. Admits the allegations in first sentence of paragraph 2 except that it denies that its headquarters is in Menlo Park, California. Denies the allegations in second sentence of paragraph 2 to the extent that its Brisbane, California headquarters is a "branch location."

3. Admits the allegations in paragraph 3.

4. Denies the allegations in paragraph 4.

5. Admits the allegations in paragraph 5.

6. Admits the allegations in paragraph 6.

**EXHIBIT C**

7. Admits the allegations in paragraph 7.

8. Admits the allegations in first sentence of paragraph 8 except that it is unable to admit or deny the extent of services provided by Fingerhut Business Services, Inc. ("Fingerhut") at its Utah distribution center. Admits the allegations in the second sentence of paragraph 8 to the extent that Wal-Mart stated an intent to transfer some of its business to a new distribution center in Carrollton, Georgia.

9. Admits the allegations in paragraph 9, but denies that the statement is a correct interpretation of the Fulfillment Services Agreement ("Agreement").

10. Is unable to admit or deny the allegations in paragraph 10.

11. Alleges that the terms of the Agreement speak for themselves and denies the allegations of paragraph 11 to the extent they are inconsistent with those terms.

12. Admits the allegations in paragraph 12 to the extent that Wal-Mart sent correspondence to Fingerhut on March 20, 2001, but states that the correspondence speaks for itself and denies the remainder of the paragraph.

13. Denies the allegations in paragraph 13.

14. Denies the allegations in paragraph 14.

15. Alleges that the terms of the Agreement speak for themselves, denies the allegations of paragraph 15 to the extent they are inconsistent with those terms and specifically denies the second and third sentences of that paragraph.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Incorporates by reference, its answers to paragraphs 1-18.

20. Admits the allegations in paragraph 20, to the extent the parties have a dispute regarding the interpretation of the Agreement, but denies the remainder of the paragraph.

21. Admits the allegations in paragraph 21, but denies plaintiff is entitled to any relief.

22. Incorporates by reference, it answers to paragraphs 1-21.

23. Denies the allegations in paragraph 23.

24. Denies the allegations in paragraph 24.

**AFFIRMATIVE DEFENSES**

25. Except as expressly admitted or otherwise qualified, denies each and every allegation and thing in plaintiff's Complaint.

**SECOND DEFENSE**

26. This Court lacks personal jurisdiction over the defendant.

**THIRD DEFENSE**

27. Plaintiff has suffered no damages because it rendered itself unable to comply with the Agreement by disclosing, to defendant, plaintiff's intention to cease operations at its Utah distribution center.

**FOURTH DEFENSE**

28. Plaintiff has failed to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

29. Plaintiff's claims are barred under the principles of estoppel, waiver and laches.

**SIXTH DEFENSE**

30. Plaintiff has failed to mitigate damages.

**SEVENTH DEFENSE**

31. Plaintiff's interpretation of the Minimum Service Fees under the Agreement results in a penalty that is unenforceable as a matter of law.

WHEREFORE, Wal-Mart prays for judgment as follows:

1. Dismissing plaintiff's Complaint with prejudice;

2. Declaring that Wal-Mart's projection of zero (0) packages to be shipped for each of the months from August 2001 through January 2002 was valid under the Agreement, and that plaintiff is not entitled to any damages.

3. Awarding Wal-Mart its costs and disbursements incurred herein; and,

4. Awarding such other relief as this Court deems just and proper.

Dated: November 12, 2001

**DORSEY & WHITNEY LLP**

By ______________________

Perry M. Wilson III (#012302X)
Jonathan A. Strauss (#0279602)
220 South Sixth Street, Suite 1300
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

**ATTORNEYS FOR DEFENDANT WAL-MART.COM, INC.**