UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fingerhut Business Services, Inc.,

Plaintiff,

v.

Wal-Mart.com, Inc.,

Defendant.

Civil File No. 01-CV-1261 JNE/JSM

**WAL-MART.COM, INC.'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Local Rule 39.1 (b)(2)(B) Defendant Wal-Mart.com, Inc. submits its proposed jury instructions.

Date: October 22, 2004

DORSEY & WHITNEY LLP

By s/Perry M. Wilson, III
Perry M. Wilson III (#12302X)
Angela M. Hall (#0311066)
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600

Attorneys for Defendant Wal-Mart.com, Inc.

## JURY INSTRUCTION 1

## GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later – are equally binding on you and must be followed.

This is a civil case brought by C.F. Companies against Wal-Mart.com, Inc. C.F. Companies alleges that Wal-Mart.com breached the agreement between them for third-party fulfillment services. Wal-Mart.com denies C.F. Companies' allegation. It will be your duty to decide from the evidence whether C.F. Companies is entitled to a verdict against Wal-Mart.com.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe that what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

---

Eighth Circuit Manual of Model Jury Instructions Civil § 1.01

**JURY INSTRUCTION 2**

**EVIDENCE**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated – that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must try to ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms “direct evidence” and “circumstantial evidence.” You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

---

Eighth Circuit Manual of Model Jury Instructions Civil § 1.02

**JURY INSTRUCTION 3**

**NO TRANSCRIPT**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

---

Eighth Circuit Manual of Model Jury Instructions Civil § 1.04

**JURY INSTRUCTION 4**

**CONDUCT OF THE JURY**

Finally, to insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom, do not let anyone tell you anything about this case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

Fifth, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

Sixth, do not do any research or make investigation about the case on your own.

Seventh, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow juror have discussed the evidence.

---

Eighth Circuit Manual of Model Jury Instructions Civil § 1.05

**JURY INSTRUCTION 5**

**OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, C.F. Companies, Inc.'s attorney may make an opening statement. Next, Wal-Mart.com's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

C.F. Companies will then present evidence and Wal-Mart.com's counsel may cross-examine. Following C.F. Companies case, Wal-Mart.com may present evidence and C.F. Companies' counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

---

Eighth Circuit Manual of Model Jury Instructions Civil § 1.05

**JURY INSTRUCTION 6**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying in a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

---

Eighth Circuit Manual of Model Jury Instructions Civil § 3.03

**JURY INSTRUCTION 7**

**BURDEN OF PROOF**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all the evidence and deciding which evidence is more believable.

---

Eighth Circuit Manual of Model Jury Instructions Civil § 3.04

**JURY INSTRUCTION 8**

**CONTRACT INTERPRETATION**

The Court has determined that the Fulfillment Services Agreement effective between the parties on June 1, 2000, is ambiguous on the question whether Wal-Mart was expected to provide a new annual forecast for the period June 1, 2001 through January 2002. The Court has also determined that the Agreement is ambiguous on the question of whether Wal-Mart was entitled to submit a forecast of zero products shipped for the period August 2001 through January 2002. You will be asked to decide the meaning of the Agreement on these two questions.

In deciding how the Fulfillment Agreement should be interpreted on these two questions, you should consider the following:

- The language of the Agreement as it bears on these issues.
- The overall meaning and structure of the Agreement and whether the meaning proposed by one of the parties is consistent with or opposed to the overall Agreement's terms.
- The history of and business relationship of the parties as it relates to the disputed terms of the Agreement.
- The actions and communications of the parties during the performance of the Agreement and whether those actions are consistent with or opposed to the meaning the parties now argue for the Agreement's terms.
- The plain meaning of the words used by the parties in the Agreement.

Reiss v. Financial Performance Corp., 715 N.Y.S.2d 29 (N.Y. App. Div. 2000).

Transmedia Restaurant Co., Inc. v. 33 E. 61st Street Restaurant Corp., 710 N.Y.S.2d 756 (N.Y. App. Div. 2000).

Ruttenberg v. Davidge Data Systems Corp., et al., 626 N.Y.S.2d 174, 178 (N.Y. App. Div. 1995) (admitting parol evidence and denying summary judgment where the parties' intent was not clear from the four corners of the agreement).

Federal Ins. Co. v. Americas Ins. Co., 691 N.Y.S.2d 508, 512 (N.Y. App. Div. 1999) (finding internal inconsistencies within a contract made the agreement ambiguous and allowing the examination of extrinsic evidence.).

W.W.W. Associates, Inc. v. Giancontieri, et al., 565 N.Y.S.2d 440, 443 (N.Y. App. Div. 1990).

Order on Plaintiff's Motion for Summary Judgment, December 9, 2002.

**JURY INSTRUCTION 9**

**DAMAGES**

If you find that Wal-Mart.com breached the terms of the Fulfillment Services Agreement by submitting a forecast of zero for the months August 2001 through January 2002, then you may award Plaintiff money damages for that breach.

You should not infer from the fact that I am giving you an instruction on damages that I believe you should award them – that is a decision for you to make.

If you decide to award money damages to Plaintiff because you determine that Wal-Mart.com breached the Agreement, then these are the rules you should follow.

Plaintiff is not entitled to the full contract price. Plaintiff is only entitled to an award of money that represents the profits it would have made if the Agreement had been performed as intended by the parties.

You should determine the amount to award Plaintiff by subtracting all amounts Plaintiff saved by not having to complete performance of the Agreement. In this case you should subtract all costs of labor Plaintiff saved and all other expenses Plaintiff did not have to expend.

In the end, Plaintiff has the burden of proving its damages by a preponderance of the evidence. If Plaintiff has failed to prove damages, you should not award them.

New York Pattern Jury Instructions – Civil 4:20 Contracts – Damages – Generally

Oswego Falls Pulp & Paper Company v. Stecher Lithographic Company, 215 N.Y. 98 (N.Y. 1915).

Oneonta Dress Company, Inc. v. Ozona-USA, Inc., 504 N.Y.S.2d 167 (N.Y. App. Div. 1986) ("The loss of entire profit is a proper measure of contract damages and may be recovered when the injured party offers some adequate basis for computing that amount." "Lost profit damages of $32,479.50 were assessed by subtracting saved labor and overhead costs from the gross revenues expected on that contract."

J. R. Loftus, Inc. v. White et al., 85 N.Y.2d 874 (N.Y. 1995) (The plaintiff may recover expectancy damages, the contract price less the cost of performance.)

**JURY INSTRUCTION 10**

**MITIGATION**

In addition to subtracting the costs Plaintiff saved by not performing the work under the Fulfillment Services Agreement from the damages you award, you should also subtract what Plaintiff would have saved by mitigating its damages. Plaintiff is required to take reasonable steps to avoid loss to itself and to replace the business it lost as a result of Wal-Mart.com's breach of contract, if any.

In this case, Plaintiff failed to mitigate its damages because it announced in October 2000 that it would no longer be in the third party Fulfillment Services business. As a result of Plaintiff's own business decisions, it was not able to mitigate its damages as the law requires. You should reduce the damages, if any, by the amount you find Plaintiff could have saved if it had not disabled itself from performing its obligation to mitigate damages.

---

New York Pattern Jury Instructions – Civil 4:20 Contracts – Damages – Generally, Mitigation Comment

Wilmot v. State of New York, 32 N.Y.2d 164 (N.Y. 1973) ("[T]here rests on a party seeking damage the active duty of making reasonable exertions to render the injury as

light as possible *** the party seeking damages is under the duty to make a reasonable effort to avoid consequences of the act complained of. It is, indeed, a rule of broad acceptance that [n]o recovery may be had for losses which the person injured might have prevented by reasonable efforts and expenditures." (internal citations omitted))

Holy Properties Ltd., L.P. v. Kenneth Cole Productions, Inc., 637 N.Y.S.2d 964 (N.Y. 1995).

**JURY INSTRUCTION 11**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will

respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

---

Eighth Circuit Manual of Model Jury Instructions Civil § 3.06