UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fingerhut Business Services, Inc.,<br>Plaintiff,<br>v.<br>Wal-Mart.com, Inc.,<br>Defendant. | Case No: 01-cv-1261 (JNE/JSM)<br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY CLAIM FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |

## INTRODUCTION

Wal-Mart.com, Inc.'s ("Wal-Mart") Motion in Limine to Exclude Any Claim for Breach of Covenant of Good Faith and Fair Dealing should be denied. Fingerhut Business Services, Inc. ("Fingerhut"), in its Amended Complaint, pled the salient facts giving rise to its contention that Wal-Mart breached the covenant of good faith and fair dealing. This Court acknowledged in its December 9, 2002, Order that the covenant of good faith and fair dealing applied to Fingerhut's claims against Wal-Mart. Wal-Mart has been made aware of the facts upon which Fingerhut makes its claim regarding the covenant of good faith and fair dealing, and cannot now assert that the argument should not be heard by the jury because it is not in Fingerhut's Amended Complaint.

In addition, Fingerhut invokes the covenant of good faith and fair dealing to support its argument that the Fulfillment Services Agreement cannot be interpreted in the manner suggested by Wal-Mart, allowing Wal-Mart to forecast zero packages from August 2001 through January 2002, or allowing Wal-Mart to have no packages available for shipment, in order to avoid paying the Minimum Services Fee, as required by the Fulfillment Services Agreement. Because Fingerhut invokes the covenant of good faith and fair dealing in conjunction with its expressly

pled breach of contract claims, references to the covenant are properly allowed and should not be excluded.

## ARGUMENT

Wal-Mart's argument to exclude Fingerhut's claim for breach of the covenant of good faith and fair dealing is not supported by the Federal Rules of Civil Procedure or relevant case law, and must be denied.

Federal Rule of Civil Procedure 8 provides that a complaint shall set forth a claim for relief, containing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 reflects the well-established notion that the claimant need not set out in detail all of the facts upon which a claim is based, but must provide a sufficient statement of facts "to put the opposing party on notice of the claim." *See* Fed. R. Civ. P. 8(a)(2). *See, also, Baxter Diagnostics, Inc. v. Novatek Medical, Inc.*, 1998 WL 665138, *4, No. 94 Civ. 5220(AJP), September 25, 1998 (S.D. N.Y. 1998) (citing 2 James Moore, MOORE'S FEDERAL PRACTICE § 8.04[1] at 8-22; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988)).

In *Baxter*, the plaintiff sued Novatek, claiming breach and anticipatory repudiation of the parties' contract. On the eve of trial, Novatek moved *in limine* to exclude evidence concerning breaches of the covenant of good faith and fair dealing, which Novatek argued were not alleged in Baxter's complaint. *Baxter Diagnostics*, 1998 WL 665138 at *4. The court denied Novatek's motion in limine, stating that Baxter's complaint satisfactorily placed Novatek on notice of Baxter's breach of implied covenant of good faith and fair dealing claims. *Id.*, 1998 WL 665138 at *5.

Likewise, Wal-Mart has been fairly put on notice of Fingerhut's claims regarding Wal-Mart's breaches of the covenant of good faith and fair dealing. Fingerhut's Amended Complaint alleges facts that support a claim for breach of the implied covenant of good faith and fair

dealing. *See, e.g.,* Amended Complaint, ¶¶ 12, 14, 15, 23, and 24. Fingerhut's contentions regarding the covenant of good faith and fair dealing were also detailed in FBSI's Reply Memorandum in Support of FBSI's Motion for Summary Judgment, at pp. 6-7. Finally, this Court acknowledged Fingerhut's claim regarding the covenant in its December 2, 2002, Order. *See* December 9, 2002, Order at p. 6. Based on the foregoing, it is clear that Wal-Mart has been adequately placed on notice regarding Fingerhut's claims regarding breach of the implied covenant of good faith and fair dealing, and Wal-Mart's motion should be denied.

In addition, the Eighth Circuit recently upheld a plaintiff's right to seek amendment of the pleadings to conform with the evidence pursuant to Rules 15(b) and 54(c). *See Baker v. John Morrell & Co.*, 2004 WL 1948685, *12, No. 03-2680, Sept. 3, 2004 (8th Cir. 2004) ("[A] district court does not abuse its discretion by allowing a Rule 15(b) amendment if the amendment seeks to raise an issue not inconsistent with the position taken by the non-moving party earlier in the proceedings.) Fingerhut must be allowed to present evidence that Wal-Mart breached the covenant of good faith and fair dealing in light of these rules as well.

Furthermore, Fingerhut raises the covenant of good faith and fair dealing in connection with its contention that the Fulfillment Services Fee did not allow Wal-Mart to simply forecast "zero" packages, or to have "zero" packages available for shipment, for the months of August 2001 through January 2002, in order to avoid paying the Minimum Services Fee. The covenant of good faith and fair dealing is a principle about which the jurors should be instructed in the context of interpreting the contract and Wal-Mart's defense that no Minimum Services Fee is owing. *Designers North Carpet, Inc. v. Mohawk Industries, Inc.*, 153 F. Supp.2d 193, 195 (E.D. N.Y. 2001) (stating that a claim for breach of the covenant of good faith and fair dealing does not provide a cause of action separate and apart from a breach of contract claim). And, as this Court stated in its December 9, 2002, Order, "Wal-Mart cannot arbitrarily refuse to perform in order to

deny Fingerhut compensation to which Fingerhut otherwise would be entitled." *See* December 9, 2002, Order, p. 6. Because Wal-Mart acted in a manner inconsistent with the Fulfillment Services Agreement, the Minimum Services Fee must be calculated taking into account Wal-Mart's breach, whether pursuant to Fingerhut's anticipatory breach and repudiation claims or pursuant to the covenant of good faith and fair dealing.

## CONCLUSION

Based on the foregoing authorities and arguments, Fingerhut respectfully requests the Court enter an Order denying in full Wal-Mart's Motion in Limine to Exclude Any Claim for Breach of Covenant of Good Faith and Fair Dealing.

Respectfully submitted,

Dated: October 29, 2004.

**OPPENHEIMER WOLFF & DONNELLY LLP**

By s/Katherine M. Wilhoit

Edward M. Laine, #59535
Katherine M. Wilhoit, #313853
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

Lori V. Douglas
Assistant Counsel
Fingerhut Department Stores
Regional Law Department
219 Perimeter Center Parkway, Suite 511
Atlanta, Georgia 30346
Telephone: (770) 913-5512

***ATTORNEYS FOR PLAINTIFF FINGERHUT BUSINESS SERVICES, INC.***