UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fingerhut Business Services, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Wal-Mart.com, Inc.,<br><br>Defendant. | Civil File No. 01-CV-1261 JNE/JSM<br><br>**WAL-MART.COM, INC.'S RESPONSE TO FINGERHUT'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE REGARDING PURPORTED COMPLAINTS OR CRITICISMS OF FINGERHUT'S PERFORMANCE UNDER THE FULFILLMENT SERVICES AGREEMENT AND E-TOYS, INC.** |

Plaintiff filed two motions in limine, one to exclude arguments or evidence concerning purported complaints or criticisms of Fingerhut's performance under the fulfillment services agreement, and another to exclude evidence regarding E-Toys, Inc. These motions can be distilled into one general theme: Don't let Wal-Mart.com say anything negative about Fingerhut. Fingerhut cites Federal Rules of Evidence 401, 402, and 403 as its authority for such exclusion, but the Rules of Evidence do not provide that evidence may excluded simply because one party doesn't like the evidence.

Federal Rule of Evidence 401 is the definition of "Relevant Evidence." It states that

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Ev. 401 ("Rule 401"). Federal Rule of Evidence 402 ("Rule 402") simply provides that relevant evidence is admissible and evidence that is not relevant is not admissible

Rules 401 and 402 do not support Plaintiff's exclusion argument. Plaintiff's attempt to limit relevance by narrowly framing the issues before this Court. This Court has already ruled, though, that the Fulfillment Services Agreement is ambiguous. Therefore, extrinsic evidence of the parties intent is admissible. Evidence regarding Fingerhut's performance during the first contract between Fingerhut and Wal-Mart is relevant to prove the parties' intent when entering into the second fulfillment services contract. The state of Fingerhut's management and staffing with respect to E-Toys was the same state of affairs for Wal-Mart because both companies received similar services from the same facility in Utah at the same time.

Federal Rule of Evidence 403 provides that some evidence which is otherwise relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." "In Rule 403, 'prejudice' does not mean the damage to the opponent's case that results from the legitimate probative force of the evidence; rather, it refers to the unfair advantage that results from the capacity of the evidence to persuade by illegitimate means." WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE, §5215.

Fingerhut argues that the evidence regarding complaints about Fingerhut's performance and evidence regarding E-Toys, Inc. will be prejudicial and confusing to the

jury, but Fingerhut has failed to demonstrate any true prejudice that would outweigh the probative value of the evidence.

In fact, Fingerhut argues that the circumstances under the first contract which caused it to lose money explain why the "minimum service fees" exist in the second contract. Wal-Mart.com contests this explanation of the minimums and will prove Fingerhut lost money because of poor planning and performance. E-Toys is relevant because that same poor planning and performance is evident in the E-Toys situation which occurred at the same time as the performance under the first Wal-Mart contract.

Federal Rule of Evidence 403 allows the exclusion of evidence that is truly prejudicial, but it does not allow exclusion of evidence simply because one party believes that it does not support its position or casts it in a negative light. In this case, the evidence regarding Fingerhut's performance under both of its contracts with Wal-Mart and Wal-Mart.com is relevant and Fingerhut has not proven that it is so prejudicial as to outweigh its probative value. Similarly, the evidence regarding E-Toys is relevant because Fingerhut experienced the same conditions at the fulfillment center and the management and staffing of the fulfillment center was the same for both customers. Fingerhut has failed to prove that this evidence is prejudicial and that the prejudice outweighs the probative value.

In conclusion, Fingerhut's motions in limine to exclude arguments or evidence concerning purported complaints or criticisms of Fingerhut's performance under the

fulfillment services agreement and to exclude evidence regarding E-Toys, Inc. should be denied. Fingerhut has failed to demonstrate any true prejudice, and there is no unfair advantage that would result from the capacity of the evidence to persuade by illegitimate means. Here the evidence is relevant , but Fingerhut seeks to exclude it because it does not like the evidence. This is not a proper ground for exclusion of evidence. Therefore, Wal-Mart.com respectfully requests that this Court deny Fingerhut's motions in limine.

Date: October 29, 2004

DORSEY & WHITNEY LLP

By *s/Perry M. Wilson*

Perry M. Wilson III (#12302X)
Angela M. Hall (#0311066)
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600

Attorneys for Defendant Wal-Mart.com, Inc.