UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Federated Corporate Services, Inc.

Plaintiff,

v.

Civ. No. 01-1261 (JNE/JSM)
ORDER

Wal-Mart.com, Inc.

Defendant.

---

Edward M. Laine, Esq., and Katherine M. Wilhoit, Esq., Oppenheimer Wolff & Donnelly, LLP appeared on brief for Plaintiff Federated Corporate Services, Inc.

Perry M. Wilson, III, Esq., and Angela M. Hall, Esq., Dorsey & Whitney, LLP, appeared on brief for Defendant Wal-Mart.com, Inc.

---

This is a breach of contract case in which Federated Corporate Services, Inc.[1] (Federated) alleges that Wal-Mart.com, Inc. (Wal-Mart) failed to make certain payments to Federated under the parties' fulfillment services agreement (FSA). The parties agree that New York law governs this dispute. The case previously came before the Court on Federated's motion for summary judgment. By Order dated December 9, 2002, the Court denied Federated's motion, concluding that genuine issues of material fact exist with respect to the parties' intent in calculating the Minimum Services Fee contained in the FSA and with respect to Federated's alleged damages.[2] In anticipation of their trial scheduled to begin on November 16, 2004, the parties have filed three motions in limine. The Court will consider each in turn.

---

1 Fingerhut Business Services, Inc. (Fingerhut) originally initiated this lawsuit. Based on an acquisition and the parties' stipulations, the Court recently ordered that Federated be substituted as the real party in interest in this matter. For consistency and convenience of the reader, the Court will refer to the plaintiff as Federated, as opposed to Fingerhut, throughout this memorandum.

2 The facts of the case are more fully set forth in the Court's December 9, 2002 Order.

## II. DISCUSSION

### A. Motions in Limine to Exclude Certain Evidence

Federated brings two motions in limine to exclude certain categories of evidence under Rules 401, 402, and 403 of the Federal Rules of Evidence. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 provides that "[a]ll relevant evidence is admissible," while "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Rule 403, however, limits the admissibility of relevant evidence: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In determining whether to exclude relevant evidence under Rule 403, a district court has broad discretion and must balance "the probative value of and need for the evidence against the harm likely to result from its admission." Fed. R. Evid. 403 advisory committee's note; *see also Porous Media Corp. v. Pall Corp.*, 173 F.3d 1109, 1117 (8th Cir. 1999) (describing the "balancing process" as "delicate").

Federated's first motion addresses the introduction of evidence concerning E-Toys, Inc. E-Toys was one of Federated's customers during 1999 and 2000. Wal-Mart was also Federated's customer during this time. A dispute arose between E-Toys and Federated relating to Federated's fulfillment of E-Toys' orders, and the parties arbitrated their dispute in January 2001. An arbitration panel later entered an arbitration award in favor of E-Toys. Wal-Mart relied on many of these facts in its memorandum in opposition to Federated's motion for

summary judgment. Now, Federated seeks to preclude Wal-Mart from offering evidence about E-Toys to show that Federated's fiscal problems in 1999 and 2000 arose from its relationship with E-Toys, not from its relationship with Wal-Mart. Federated asserts that this evidence is not relevant because it does not tend to make any fact of consequence in this litigation more or less probable. It also argues that the introduction of such evidence would be unduly prejudicial. In response, Wal-Mart contends that the evidence is relevant because the same poor planning at issue in the E-Toys' situation influenced the execution of the FSA. It also asserts that Federated has not met its burden of showing that the evidence is prejudicial or that its prejudice outweighs the probative value of the evidence.

After reviewing the parties' arguments, the Court concludes that evidence concerning E-Toys is not relevant. E-Toys is not a party to the FSA, Wal-Mart was not involved in the E-Toys' arbitration, and none of Federated's trial witnesses are expected to testify that they were involved in the E-Toys' arbitration. Given this, the Court is unable to discern how such evidence would have the tendency to make certain facts in this litigation more or less probable. Moreover, assuming the evidence is relevant, the Court concludes that the value of its introduction would be outweighed by the danger that the jury may be confused or misled by the evidence. Therefore, the Court grants Federated's motion in limine to exclude evidence regarding E-Toys, Inc. Accordingly, at this time, Wal-Mart is precluded from introducing at trial any evidence concerning E-Toys, Inc.

Federated's second motion addresses the introduction of evidence involving purported complaints or criticisms of Federated's performance under the FSA. Federated asserts that such evidence is not relevant because its performance is not at issue in this case. Specifically, it argues that because the FSA provides that Federated's performance under the FSA cannot be a

basis for a breach, there is no relevant reason to introduce evidence about its performance. Moreover, it contends that if such evidence is allowed, it will be unfairly prejudicial to Federated because the jury might be confused and misled by the evidence. In response, Wal-Mart asserts that the evidence is relevant to show the parties' intent at the time they entered into the FSA and to show the state of Federated's staffing and management at its Western Distribution Center.

After reviewing the parties' arguments, the Court concludes that evidence about Federated's performance is relevant. In its December 9, 2002 Order, the Court previously determined that the FSA is ambiguous. Therefore, at trial, the parties will be allowed to introduce relevant extrinsic evidence to help ascertain the parties' intent at the time they entered into the FSA. *See Seiden Assoc. v. ANC Holdings, Inc.*, 959 F.2d 425, 429 (2d Cir. 1992) (applying New York law). Evidence related to Federated's performance may be relevant to determining the parties' intent. Moreover, evidence of Federated's performance may also be relevant to establishing facts associated with Wal-Mart's alleged breach of the FSA or with Wal-Mart's potential defenses. Federated has failed to establish that the probative value of such evidence is outweighed by the potential danger that the jury may be confused or mislead by the evidence. Thus, at this time, the Court denies Federated's motion in limine to exclude evidence involving purported complaints or criticisms of Federated's performance under the FSA.

**B. Motion in Limine to Exclude Any Claim for Breach of Good Faith and Fair Dealing**

Wal-Mart moves the Court for an order excluding any claim by Federated for breach of the implied covenant of good faith and fair dealing. Wal-Mart argues that a breach of implied covenant of good faith and fair dealing must be expressly pled and cannot be pled by simply arguing it. Wal-Mart therefore seeks to preclude Federated from either referencing or arguing such a breach to the jury. Federated opposes the motion, contending that it has sufficiently pled

the implied covenant by invoking it in conjunction with its expressly pled breach of contract claim. Specifically, Federated asserts that it appropriately "raises the covenant of good faith and fair dealing in connection with its contention that the [FSA] did not allow Wal-Mart to simply forecast 'zero' packages, or to have 'zero' packages available for shipment, for the months of August 2001 through January 2002, in order to avoid paying the Minimum Services Fee." Further, it explains that the implied covenant "is a principle about which the jurors should be instructed in the context of interpreting the contract and Wal-Mart's defenses that no Minimum Services Fee is owing."

As this Court stated in its December 9, 2002 Order, New York law implies a covenant of good faith and fair dealing into every contract. *See Dalton v. Educ. Testing Serv.*, 663 N.E.2d 289, 291 (N.Y. 1995). "This covenant includes an implied undertaking on the part of each party to the contract that each will not intentionally or purposefully do anything to prevent the other party from carrying out the agreement on his part." *Designers N. Carpet, Inc. v. Mohawk Indus., Inc.*, 153 F. Supp.2d 193, 196 (E.D.N.Y. 2001) (applying New York law). "A litigant is entitled to have the jury instructed as to his claims and theories of law if supported by the evidence and brought to the attention of the court." *Carvel Corp. v. Diversified Mgmt. Group, Inc.*, 930 F.2d 228, (2d Cir. 1991) (applying New York law and concluding that one party was entitled to a jury instruction concerning the implied covenant of good faith and fair dealing).

In its Amended Complaint, Federated alleges two claims, one for declaratory judgment and one for anticipatory breach and repudiation of contract. There is no independent claim for breach of the implied covenant of good faith and fair dealing; however, there are factual allegations to support such a claim. In its proposed verdict form, Federated does not reference a claim for breach of implied covenant of good faith and fair dealing. Rather, in its proposed jury

instruction number 26, it seeks to have the Court instruct the jury about the implied covenant of good faith and fair dealing as it relates to Federated's claims about the Minimum Services Fee.

Besides citing this Court's recent decision in *Team Nursing Services v. The Evangelical Lutheran Samaritan Society, d/b/a University Good Samaritan Center*, Civ. No 03-2227, 2004 WL 2237064 (D. Minn. Sept. 30, 2004), which did not address this specific issue and did not apply New York law, Wal-Mart has failed to put forth a basis for this Court to preclude Federated from invoking the implied covenant of good faith and fair dealing in connection with its breach of contract claim. As long as Federated can support its request for a jury instruction relating to the implied covenant with sufficient evidence, the Court will allow it to do so. Therefore, at this time, the Court denies Wal-Mart's motion in limine.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Federated's Motion in Limine to Exclude Evidence Regarding E-Toys, Inc. [Docket No. 41] is GRANTED.

2. Federated's Motion in Limine to Exclude Arguments Concerning Purported Complaints or Criticisms of Federated's Performance Under the Fulfillment Services Agreement [Docket No. 50] is DENIED.

3. Wal-Mart's Motion in Limine to Exclude Any Claim for Breach of Good Faith and Fair Dealing [Docket No. 51] is DENIED.

Dated: November 10, 2004

S/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge